This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants-plaintiffs William and Deanna Lyren appeal from an order granting summary judgment in favor appellee-defendant Village of Wellington ("Wellington"). This Court affirms.
 I.
In 1993, William was employed as an electrical lineman for Wellington. On September 3, 1993, while working near high voltage power cables, William was electrocuted.
On August 25, 1995, William filed a complaint against Wellington, alleging various acts of negligence and various intentional torts.[1] The complaint was subsequently amended to include a claim for loss of consortium by Deanna, William's wife. Wellington was eventually granted summary judgment on all of the Lyrens' claims. The Lyrens appeal the award of summary judgment in favor of Wellington.
 II.
On appeal, the Lyrens raise two assignments of error:
 The trial court erred by granting Appellee's Motion for Summary Judgment as the evidence demonstrates that all intentional tort elements are in dispute.
 The trial court erred by holding that Appellant's employment intentional tort claim is barred by the law of sovereign immunity.
Because the second assignment of error is dispositive, this Court will address it first.
In Ellithorp v. Barberton City Sch. Dist. Bd. of Ed. (July 9, 1997), Summit App. No. 18029, unreported, this Court addressed precisely the same issue that is raised by the Lyrens' second assignment of error. In Ellithorp, a teacher was injured when the top of a window dislodged from its frame and struck her on the head. The teacher filed a complaint alleging that the school had negligently and intentionally caused her injuries by failing to properly maintain the windows. The school raised an immunity defense in a motion to dismiss, but this was denied by the trial court. After losing at trial, the school appealed. This Court reversed, holding that the teacher's exclusive remedy for negligent conduct was through the workers' compensation system and that the school was immune from the teacher's intentional tort claims pursuant to R.C. Chapter 2744. See, also, Swartz v. Toledo
(July 24, 1998), Lucas App. No. L-98-1034, unreported; Ventura v.Independence (May 7, 1998), Cuyahoga App. No. 72526, unreported.
This Court can find no basis for distinguishing Ellithorp
from the instant case. As such, the trial court properly determined that Wellington was immune from the Lyrens' intentional tort claims. The Lyrens' second assignment of error is not well taken.
Because Wellington is immune from the Lyrens' intentional tort claims, the issue of whether "the evidence demonstrates that all intentional tort elements are in dispute" is moot. As such, the Lyrens' first assignment of error is rendered moot.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ DONNA J. CARR
 FOR THE COURT
BAIRD, P.J.
SLABY, J.
CONCUR
[1] William also named a second party as a defendant and subsequently added a third defendant. The third defendant was eventually dismissed by William and the second defendant was granted summary judgment along with Wellington. Because William has only appealed from the judgment in favor of Wellington, the other parties are not relevant to the instant appeal and will not be discussed.